## ST. LOUIS MINING AND MILLING COMPANY OF MONTANA *v.* MONTANA MINING COMPANY, LIMITED.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 250.　Submitted April 21, 1904.—Decided May 2, 1904.

The patent for a lode claim takes the sub-surface as well as the surface, and there is no other right to disturb the sub-surface than that given by § 2322, Rev. Stat., to the owner of a vein apexing without its surface but descending on its dip into the sub-surface to pursue and develop that vein.

THIS was a suit brought by the appellee (hereinafter called the Montana Company) against the appellants (hereinafter called the St. Louis Company) in the Circuit Court of the United States for the District of Montana, for an injunction restraining the further prosecution of a tunnel. The facts were

agreed upon, and are substantially that the Montana Company was the owner and in possession of the Nine Hour lode mining claim under a patent from the United States on a location made under the mining acts of 1872 and acts amendatory thereof; that the St. Louis Company was the owner of the St. Louis lode mining claim, holding the same under a similar title. In the St. Louis claim is a vein other than the discovery vein, having its apex within the surface limits of the St. Louis claim, but on its dip passing out of the side line of the St. Louis claim into the Nine Hour claim. The tunnel was two hundred and sixty feet underground, running from the St. Louis into the Nine Hour claim and for the purpose of reaching the vein on its descent through the latter. It was run horizontally through country rock, and between the east line of the St. Louis claim and the vein above referred to will not intersect any other vein or lode. The St. Louis Company did not propose to extend the tunnel beyond the point at which it would intersect the vein above referred to, and simply proposed to use this cross-cut tunnel in working and mining said vein. The Circuit Court, upon the facts agreed to, enjoined the further prosecution of the tunnel. That injunction was sustained by the Circuit Court of Appeals for the Ninth Circuit, 113 Fed. Rep. 900; 51 C. C. A. 530, from whose decision the St. Louis Company has brought the case to this court.

*Mr. E. W. Toole* and *Mr. Thomas C. Bach* for appellants.

*Mr. W. E. Cullen* for appellee.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The situation and the question can be easily presented to the mind by considering the significant lines as lines of a right-angled triangle; the vein descending on its dip being the hypothenuse, the tunnel the base line, and the boundary between the two claims the side line of the triangle. The St. Louis

Company, being the owner of the vein, may pursue and appro-
priate that vein on its course downward, although it extends
outside the vertical side lines of its claim and beneath the
surface of the Nine Hour lode claim. Such is the plain lan-
guage of section 2322, Rev. Stat., which grants to locators
"The exclusive right of possession and enjoyment of all the
surface included within the lines of their locations, and of all
veins, lodes and ledges throughout their entire depth, the top
or apex of which lies inside of such surface lines extended
downward vertically, although such veins, lodes or ledges may
so far depart from a perpendicular in their course downward
as to extend outside the vertical side lines of such surface
locations."

In other words, it has a right to the hypothenuse of the
triangle. May it also occupy and use the base line? Is it, in
pursuing and appropriating this vein, confined to work in or
upon the vein, or is it at liberty to enter upon and appropriate
other portions of the Nine Hour ground in order that it may
more conveniently reach and work the vein which it owns?
Its contention is that the mining patent conveys title to only
the surface of the ground and the veins which go with the
claim, and that the balance of the underground territory
is open to any one seeking to explore for mineral, or at least
may be taken possession of by one other than the owner of the
claim for the purpose of conveniently working a vein which
belongs to him. The question may be stated in another form:
Does the patent for a lode claim take the sub-surface as well
as the surface, and is there any other right to disturb the sub-
surface than that given to the owner of a vein apexing without
its surface but descending on its dip into the sub-surface to
pursue and develop that vein?

We are of opinion that the patent conveys the sub-surface
as well as the surface, and that, so far as this case discloses, the
only limitation on the exclusive title thus conveyed is the right
given to pursue a vein which on its dip enters the sub-surface.
By section 2319, Rev. Stat., "all valuable mineral deposits in

lands belonging to the United States" are "open to exploration and purchase, and the lands in which they are found to occupation and purchase." · By section 2325 "·a patent for any land claimed and located for valuable deposits may be obtained in the following manner: Any person ·  .  .  . having claimed and located a piece of land for such purposes  .  .  . shall thereupon be entitled to a patent for the land." In a subsequent part of the same section it is provided that the applicant' shall pay five dollars per acre. Appellants rely upon the clause heretofore quoted from section 2322 as a limitation upon the full extent of the grant indicated by these provisions. But this limitation operates only indirectly and by virtue of the grant to another locator to pursue a vein apexing within his surface boundaries on its dip downward through some side line into the ground embraced within the patent. It withdraws from the grant made by the patent only such veins as others own and have a right to pursue. As said by Lindley (1 Lindley on Mines, 2d ed. § 71):

"In other words, under the old law he located the lode. Under the new, he must locate a piece of land containing the top, or apex, of the lode. While the vein is still the principal thing, in that it is for the sake of the vein that the location is made, the location must be of a piece of land including the top, or apex of the vein."

And in vol. 2 (sec. 780):

"*Prima facie*, such a patent confers the right to everything found within vertical planes drawn through the surface boundaries; but these boundaries may be invaded by an outsider lode' locator holding the apex of a vein under a regular valid location, in the pursuit of his vein on its downward course underneath the patented surface."

See also *Calhoun Gold Mining Company* v. *Ajax Gold Mining Company*, 182 U. S. 499, 508. The decisions of the courts in the mining regions are referred to in the opinion of the Court of Appeals in this case, from which we quote:

"This view is in accord with the trend of all the decisions to

which our attention has been directed. In *Parrot Silver &
Copper Co. v. Heinze,* 64 Pac. Rep. 326, the Supreme Court of
Montana held, in substance, that the owner of a mining claim
is *prima facie* the owner of a vein or lode found at a depth of
1,300 feet within the vertical planes of the lines of his own
claim, and that that presumption would prevail until it was
shown that the vein had its outcrop in the surface of some other
located claim in such a way as to give to the owners of the latter
the right to pursue it on its downward course. The court said:
'Upon a valid location of a definite portion of land is founded
the right of possession. The patent grants the fee, not to the
surface and ledge only, but to the land containing the apex of
the ledge. The right to follow the ledge upon its dip between
the vertical planes of the parallel end lines extending in their
own direction when it departs beyond the vertical planes of the
side lines, is an expansion of the rights which would be con-
ferred by a common law grant.' Of similar import is *State* v.
*District Court,* (Mont.) 65 Pac Rep. 1020. In *Doe* v. *Waterloo
Mining Co.,* 54 Fed. Rep. 935, Judge Ross said: "Except as
modified by the statute, no reason is perceived why one who
acquires the ownership or possession of such lands should not
hold them with and subject to the incidents of ownership and
possession at common law.' In *Consolidated Wyoming G. M.
Co.* v. *Champion Min. Co.,* 63 Fed. Rep. 540, Judge Hawley
said: 'Hands off of any and everything within my surface lines
extending vertically downward, until you prove that you are
working upon and following a vein which has its apex within
your surface claim.' "

The judgment of the Court of Appeals is

*Affirmed.*